UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE,

        Plaintiff,                     Case No. 2:15-cv-143

v.                                         HON. GORDON J. QUIST

UNKNOWN SCHRAM, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Anthony Lamont Moore pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants engaged in retaliatory conduct against him. Defendants Schram, Rasmussen, Thomma, Lagina, Semansky, McTiver, and Scott filed a motion for summary judgment (ECF No. 29) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No.31).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party

opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available

2

administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved

3

in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] Once an inmate submits a grievance, the designated grievance coordinator assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievance. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendant Rasmussen concedes that Plaintiff exhausted a retaliation claim against him for the filing of a false work report on May 22, 2014. Defendant McTiver concedes that Plaintiff exhausted a retaliation claim for failing to provide health care to Plaintiff on December 17, 2013.

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

4

Defendant Schram concedes that Plaintiff exhausted his retaliation claim for threatening behavior on March 25, 2014.

Defendants assert that Plaintiff never filed grievances on some of his claims. Defendants Semansky and Lagina argue that Plaintiff's claim that they threw legal property away while tearing up Plaintiff's cell was not exhausted. Defendant Semansky argues that Plaintiff failed to exhaust the December 18, 2013, claim that he allegedly told Plaintiff that he would be kicked out of the unit because of the grievance Plaintiff had filed. Defendant Scott argues that Plaintiff failed to exhaust his claim regarding threats to withhold medical care.

Defendants claim that some of Plaintiff's grievances were not exhausted through Step III of the grievance process. Defendant Rasmussen asserts that Plaintiff failed to complete the grievance process in grievance LMF 140577117b where Plaintiff alleged that Defendant Rasmussen harassed and retaliated against Plaintiff on May 7, 2014. Defendants Lagina and Thomma argue that Plaintiff failed to exhaust grievance LMF 140583217b which asserted retaliation and harassment involving a May 14, 2014 cell search. Defendants have not attached copies of either grievances LMF 140577117b or LMF 140583217b to their brief. Defendants have attached the MDOC prisoner Step III Grievance Report as exhibit 1 to their brief. That report confirms that these grievances were not completed at Step III. Plaintiff has not shown that these grievances were fully exhausted. Accordingly, it is recommended that the May 7, 2014 retaliation claim against Defendant Rasmussen be dismissed. It is also recommended that the May 14, 2014 retaliatory cell search claims against Defendants Lagina and Thomma be dismissed.

Defendants argue that at least one grievance was procedurally untimely. Defendant Scott argues that LMF 14010112e4 (PageID.443-445) which grieved retaliation and inappropriate comments and gestures was untimely submitted at Step III. Defendants failed to attach the Step III response to their response brief. It may have been filed untimely, but the failure to provide a copy of the Step III response that actually rejected the grievance as untimely created a genuine issue of material

5

fact exists on the timeliness claim. The Step I response does establish that Plaintiff failed in an attempt to resolve the grievance with Defendant Scott. In the opinion of the undersigned, the grievance was rejected for the procedural reason of failing to attempt to resolve the asserted wrong prior to filing the grievance.

Defendants argue that several other grievances were procedurally improper. Plaintiff submitted a grievance on Defendants Thomma and Rasmussen for misconduct arising out of a cell search on May 19, 2014. LMF 140587128A (PageID.433-437) was rejected as duplicative to LMF 140586617a. LMF 140586617a is not attached to Defendants' brief. In the opinion of the undersigned, since LMF 140587128A was rejected as duplicative, it is likely that Plaintiff exhausted these claims in a previous grievance. Plaintiff's response brief argues that he did exhaust these claims. At the very least, a question of fact exits as to whether Plaintiff exhausted these claims. *Johannes v. Washington*, No. 14-11691, 2016 WL 1253266 at *6 (E.D. Mich. Mar. 31, 2016) (a grievance rejected as duplicative does not necessarily mean that the issue was not properly exhausted rather "to carry their summary-judgment burden, Defendants must compare the issues grieved in the first grievance to those grieved in the [] allegedly-duplicate grievances and show that every reasonable jury would think the rejections were proper.") *Id*.

Defendant Lagina argues that grievance LMF 140696817I,[1] which states claims of failing to provide health care, retaliation, and termination of employment included multiple unrelated issues. The grievances and responses are attached at PageID.424-425. The grievance was denied on the merits and not because it was procedurally improper. If a grievance is denied on the merits at each step it cannot be considered procedurally improper, even if the grievance could have been denied for violating grievance procedures.

---

[1] Defendants' brief identifies grievance "LMF 1496817I (Exhibit 1)." It appears that this was a mistake and Defendants intended to identify this grievance as LMF 140696817I.

Similarly, Defendant Lagina represents that LMF 140696917I violated policy because it was a duplicative grievance. That grievance is attached at PageID426-428 and was decided on the merits through Step III. This grievance was fully exhausted and was not dismissed for a procedural violation. Defendants represent that LMF 20140699417I which names Defendant Lagina, restates allegations asserted in LMF 201496817I. Defendants claim that these grievances violate rules by including multiple unrelated issues and are duplicative. It appears that neither of these grievances are attached as exhibits to Defendants' brief. As noted above, Defendants' claim that Plaintiff violated grievance policy does not mean that his grievances were denied on that basis. Accordingly, in the opinion of the undersigned, Defendant Lagina has failed to show that Plaintiff did not exhaust his claims against Defendant Lagina.

Defendants argue that LMF 1311174728b was rejected for failing to include the dates and names of employees and for failing to address Plaintiffs' concerns. That grievance was not attached to Defendants' brief. Defendants argue that grievance LMF 14015817i (PageID.446-449) fails to properly exhaust Plaintiff's claims against Defendants Schram and Semansky for retaliation concerning the LMF Dog Program. Plaintiff clearly named Defendants Schram and Semansky at Step II. Plaintiff asserts that he was told that he could add names at Step II by the grievance coordinator. Plaintiff's Step I grievance was not rejected for failing to grieve Defendants Schram and Defendant Semansky. Where a grievance was denied on the merits at each step of the process, it is improper to argue that Plaintiff failed to exhaust the grievance remedies based upon a failure of procedure. *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished) ("Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion.") *Id*. at 3.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 29) be granted in part and denied in part as follows: Defendant Scott should be dismissed without prejudice, the December 18, 2013 claim that Defendant Semansky retaliated against Plaintiff by informing Plaintiff that he would be kicked out of the unit for filing grievances should be dismissed without prejudice, the May 7, 2014 retaliation claim against Defendant Rasmussen should be dismissed without prejudice, and the May 14, 2014 retaliatory cell search claim against Defendant Lagina and Thomma should be dismissed without prejudice. It is recommended that the motion be denied as to all other claims asserted against Defendants Semansky, Schram, Rasmussen, Thomma, Lagina, and McTiver due to their failure to meet their burden of establishing that each asserted issue was not properly exhausted.

Dated:   January 20, 2017                    /s/ Timothy P. Greeley
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).