UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY LAMONT MOORE,

       Plaintiff,

v.                                     Case No. 2:15-CV-143

UNKNOWN SCHRAM, et al.,                HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

On January 20, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. In his R & R, the magistrate judge noted that Defendants Rasmussen, McTiver, and Schram conceded that Plaintiff exhausted his claims against them arising, respectively, on May 22, 2014, December 17, 2013, and March 25, 2014. The magistrate judge concluded that Defendants' motion should be granted with regard to Plaintiff's claims: (1) against Defendant Scott; (2) that Defendant Semansky retaliated against Plaintiff on December 18, 2013, by threatening that Plaintiff would be kicked out of the unit for filing grievances; (3) that Defendant Rasmussen retaliated against Plaintiff on May 7, 2014; and (4) that Defendants Lagina and Thomma conducted a retaliatory search of Plaintiff's cell on May 14, 2014. The magistrate judge recommended that Defendants' motion be denied with regard to all other claims. (ECF No. 35 at PageID.580.)

Plaintiff and Defendants have both filed Objections to the R & R.  After conducting a *de novo* review of the R & R, the parties' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

### 1.      Grievance Nos. LMF 140577117b and LMF 140583217b

The magistrate judge concluded that Plaintiff failed to show he exhausted these grievances: LMF 140577117b regarding Plaintiff's May 7, 2014 retaliation claim against Defendant Rasmussen, and LMF 140583217b against Defendants Lagina and Thomma.  In their Objections, Defendants concede that Plaintiff exhausted grievance LMF 140583217b, which was apparently changed during the grievance process to LMF 140583217i.  (ECF No. 39 at PageID.612.)  Thus, Plaintiff's claims against Defendants Lagina and Thomma regarding the May 14, 2014, cell search may proceed.

With regard to grievance LMF 140577117b, Plaintiff states in his Objections that the magistrate judge failed to consider Plaintiff's statements in his declaration in response to Defendants' motion that after receiving responses at Steps I and II, Plaintiff requested a disbursement of funds to send a Step III grievance to the Director's office for grievance LMF 140577117b.  (ECF No. 36 at PageID.583.)  In his declaration, Plaintiff stated that he submitted a disbursement form and mailed the Step I and Step II responses, along with his Step III grievance, to the Directors' office.  (ECF No. 31 at PageID.486.)  Plaintiff attached a copy of the disbursement form to his response.  (ECF No. 31-5.)  Plaintiff also stated in his declaration that he did not receive a response within the 120 calendar days, and therefore treated the non-response as a denial.  (ECF No. 31 at PageID.468.)  Defendants failed to present any evidence contradicting Plaintiff's declaration and evidence.  Because "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance," *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), Defendants  have not shown that Plaintiff failed to exhaust grievance LMF

140577117b against Defendant Rasmussen regarding the alleged retaliation on May 7, 2014.

Accordingly, the Court will reject the R & R as to these two grievances.

### 2.      Grievance No. 14010112e-4

This grievance pertained to Defendant Scott.  Defendants argued that Plaintiff's Step III

grievance was untimely, but the magistrate noted that Defendants failed to attach the Step III

response to their brief.  However, the magistrate concluded that Plaintiff failed to exhaust because

the Step I response established that Plaintiff failed to attempt to resolve the grievance with

Defendant Scott.  (ECF No. 35 at PageID.578.)

In their Objections, Defendants state that the Step III response was in fact attached to

Defendants' brief.[1]  Defendants continue to argue that Plaintiff's Step III grievance was untimely.

However, a review of the Step III response shows that it was not rejected as untimely; it was

considered and denied on the merits.  (ECF No. 30-1 at PageID.442.)  "When prison officials decline

to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the

merits, so as a general rule will we."  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010);

*see also Applewhite v. Mich. Dep't of Corr.*, No. 1:07-CV-656, 2008 WL 4136513, at *4 (W.D.

Mich. Sept. 3, 2008) ("Because the MDOC did not reject this grievance as untimely or improperly

filed, but addressed the merits of the grievance at all three steps of the appeal procedure in

accordance with its Policy Directives, this grievance was exhausted.").

As for the magistrate judge's conclusion that the Step I response established that Plaintiff

failed to attempt to resolve the grievance with Defendant Scott, Plaintiff argues that the Step I

---

[1]Defendants' manner of presenting exhibits concerning Plaintiff's grievances is not helpful.  Defendants
attached 63 pages as Exhibit 1, leaving it to the magistrate judge and the Court to wade through the pages to locate
documents pertaining to the particular grievance.  It is thus not surprising that the magistrate judge failed to locate certain
documents that Defendants now confirm were actually part of comprehensive Exhibit 1.  To assist the Court in locating
pertinent  documents, in future filings counsel should file the documents pertaining to each grievance separately, *i.e.*,
ECF No. 30-1, 30-2, and so forth.

grievance was not rejected on a procedural ground but instead was addressed and denied on the merits. Plaintiff argues that this is why he proceeded to Step II, which was also denied on the merits. Based on its review of the Step I response, the Court agrees with Plaintiff that his Step I grievance was denied on the merits and not on a procedural basis. Therefore, Plaintiff exhausted his claim against Defendant Scott.

3.      **Grievance LMF 140587128A**

Defendants argued that this grievance, which was filed against Defendants Thomma and Rasmussen, was rejected as duplicative of grievance LMF 140586617a. The magistrate judge concluded that since the grievance was rejected as duplicative, Plaintiff likely exhausted these claims in a previous grievance. In their Objections, Defendants provide the documents pertaining to grievance LMF 140586617a. These documents show that Plaintiff exhausted the first grievance through all three steps and that the grievance was considered and denied on the merits at each step. Defendants argue that the Court should conclude that Plaintiff did not properly exhaust LMF 140586617a because that grievance did not name Defendants Thomma and Rasmussen. Defendants failed to properly develop this argument in their motion because, as the magistrate judge noted and Defendants impliedly concede in their Objections, Defendants failed to provide the earlier grievance documents to allow the magistrate judge to compare the first and second grievances to determine whether they were properly rejected as duplicative. *See Johannes v. Washington*, No. 14-111691, 2016 WL 1253266, at *6 (E.D. Mich. Mar. 31, 2016) ("[T]o carry their summary-judgment burden, Defendants must compare the issues grieved in the first grievance to those grieved in the 12 allegedly-duplicative grievances and show that every reasonable jury would think the rejections were proper."); *Johnson v. Corr. Med. Servs., Inc.*, No. 4:06-CV137, 2008 WL 878767, at *5 (W.D. Mich. Mar. 3, 2008) (noting that it was necessary to compare the issues stated in the two grievances

to determine whether the second grievance was properly rejected as duplicative). In any event, having compared the two grievances, the Court concludes that grievance LMF 140587128A was improperly rejected as duplicative. In grievance LMF 140586617a, Plaintiff complained about RUM Lindemuth's failure to supervise her subordinates and subjecting Plaintiff to a hostile environment, while in grievance 140587128A Plaintiff complained about Defendants Thomma and Rasmussen. (ECF No. 30-1 at PageID.436.) Moreover, as noted, even if the grievance was properly rejected as duplicative, grievance LMF 140586617a was considered on the merits at all levels. Thus, Defendants fail to show that Plaintiff has not properly exhausted his claims against Defendants Thomma and Rasmussen for the May 19, 2014 cell search.

### 4. Grievances LMF 140696817I, 140696917I, and 20140699417I

Defendant Lagina argued that these grievances were not properly exhausted because they included multiple unrelated issues and/or were duplicative. The magistrate judge rejected these arguments because each of these grievances was decided on the merits through Step III. Defendant Lagina does not dispute that these grievances were decided on the merits. Instead, Defendant Lagina merely repeats the same procedural arguments that the magistrate judge addressed. As noted above, when a grievance is considered on the merits and not rejected for a procedural ground, the grievance is deemed properly exhausted. *See Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 (W.D. Mich. Feb. 15, 2008). Accordingly, Defendant Lagina fails to show that the magistrate judge erred in denying summary judgment as to these grievances.

### 5. Grievance LMF 1311174728b

Although Defendants argued that this grievance was rejected for failing to include the dates and names of employees and for failing to address Plaintiff's concerns, the magistrate judge noted that Defendants failed to include the grievances in their exhibits in support of their motion.

Defendants have included these documents in their Objections. Although Defendants should have included these materials for the magistrate to consider, the Court, in its discretion, 28 U.S.C. § 636(b)(1); *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009), will consider Defendants' documents. These documents in fact show that Plaintiff's grievance was rejected at all three steps for being vague—Plaintiff failed to provide names of staff members with whom he attempted to resolve the situation. Although Plaintiff argues that this grievance was addressed on the merits at Step III, the Court reads the Step III response as adopting the reasons cited at Steps I and II for denying grievance. Therefore, Plaintiff's claim against Defendant Semansky concerning the issues in this grievance will be dismissed without prejudice.

### 6.      Grievance LMF 14015817i

Defendants Schram and Semansky argued that Plaintiff failed to exhaust this grievance against them concerning the LMF dog program because Plaintiff did not name Schram and Semansky in his Step I grievance. The magistrate judge recommended that the Court deny Defendants' motion as to this grievance because Plaintiff claimed that the grievance coordinator told Plaintiff that he could add Schram and Semansky to his grievance at Step II, and the grievance was considered and denied at each step of the grievance process. Although Defendants Schram and Semansky again argue that Plaintiff failed to properly exhaust by adding them at Step II, there is no question that the grievance was addressed on the merits at all three steps, and Plaintiff submitted evidence that the grievance coordinator approved the addition of Defendants Schram and Semansky at Step II to permit Plaintiff to clarify the issues and explain them in more detail. (ECF No. 31-4 at PageID.506.) Accordingly, the Court concludes that Plaintiff properly exhausted this grievance. *See Caulton v. Caruso*, No. 1:07-CV-947, 2009 WL 799176, at *4 (W.D. Mich. Mr. 24, 2009)

(holding that the plaintiff properly exhausted where the plaintiff added a new claim at Step II and the grievance was considered on the merits).

Therefore,

**IT IS HEREBY ORDERED** that the January 20, 2017, Report and Recommendation (ECF No. 35) is **ADOPTED IN PART AND REJECTED IN PART**.  The Report and Recommendation is **rejected** with regard to grievance nos. LMF 140577117b,  LMF 140583217b, and LMF 1311174728b, and **adopted** with regard to the remaining grievances.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with regard to Plaintiff's claim that Defendant Semansky retaliated against him on December 18, 2013, by threatening to kick Plaintiff out of the unit for filing grievances, and Plaintiff's claim that Defendant Semansky denied Plaintiff's request to speak to a sergeant (and any other claims sought to be exhausted in Grievance LMF 1311174728b), which are **DISMISSED WITHOUT PREJUDICE**, and **denied** in all other respects.


Dated:  February 28, 2017                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE